IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES BAKER, #228 870, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-439-WHA |
| | ) | [WO] |
| KIM TOBIAS THOMAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 3, 2014. On August 28, 2014, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 13. This order also directed Plaintiff to inform the court if he "moves to a different institution or is released, he must immediately inform the court and Defendants of his new address." *Id.* at 5, ¶6(h). The order also advised Plaintiff that "failure to comply with this requirement will result in a Recommendation [] this case be dismissed." *Id.*

It recently came to the court's attention Plaintiff is no longer at the last address he provided for service. The court entered an order on January 26, 2017, requiring that by February 9, 2017, Plaintiff show cause why his complaint should not be dismissed for his failure to keep the court apprised of his current address as directed. Doc. 28. Prior to entry of the January 26, 2017, order, the court searched the inmate database maintained by the Alabama Department of Corrections.[1] As a result of that search, the court directed the Clerk to furnish a copy of the January 26 order to Plaintiff at the Limestone Correctional Facility. *See* Doc. 28. The order specifically cautioned Plaintiff that his failure to comply with the January 26 order would result in the dismissal of this

---

[1] *Available at http://doc.state.al.us/InmateSearch.*

case. *Id*. Plaintiff has filed no response to the January 26 order and the time to do so has expired. The court, therefore, concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal is the proper course of action. In making this determination, the court notes Plaintiff is an indigent individual, and imposing monetary or other punitive sanctions against him would be ineffectual. Moreover, Plaintiff has failed to provide the court with his current address as required by the orders entered in this case and, despite being provided the opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. The foregoing suggests that any further effort by the court to secure Plaintiff's compliance with its previous orders would be unavailing and also reflects Plaintiff's lack of interest in the continued prosecution of this case. This case cannot properly proceed in Plaintiff's absence.

In light of the foregoing, which evidences willful delay and/or contempt by Plaintiff, the court concludes his failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **March 13, 2017**, the parties may file an objection to the Recommendation. Any objection must specifically identify the factual findings and legal conclusions in the Recommendation to which a party objects; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge